UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKLIN L. COLEMAN,<br><br>             Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | No. 14-cv-3057-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

      BEFORE THE COURT are cross-motions for summary judgment. ECF No. 16, 18, and Plaintiff's reply, ECF No. 22. The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the court **grants** plaintiff's motion for summary judgment, **ECF No. 16, denies** defendant's motion for summary judgment, **ECF No. 18 and remands** the matter to the Commissioner for an immediate award of benefits.

ORDER - 1

**JURISDICTION**

Coleman protectively applied for supplemental security income (SSI) benefits on March 28, 2011. He alleged onset as of October 27, 2009 (Tr. 148-55). Benefits were denied initially and on reconsideration (Tr. 87-90, 93-94). ALJ John Bauer held a hearing December 12, 2012 (Tr. 31-62) and issued an unfavorable decision January 4, 2013 (Tr. 12-21). The Appeals Council denied review February 26, 2014 (Tr. 1-6). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review May 2, 2014. ECF No. 1, 7.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Coleman was 34 years old when he most recently applied for benefits and 35 at the hearing. He graduated from high school, but needed extra help and it took seven years. He has worked as a dishwasher and clerk/stocker. He alleges disability based on physical and mental limitations. He suffers from a learning disorder, sarcoidosis, sleep and breathing problems, stuttering and pain. He uses an inhaler and pain medication. He received SSI previously but was terminated when he became incarcerated (Tr. 35, 48-56, 58, 171-72, 184-85, 191-92, 201, 221, 224-25, 232, 249, 598-601).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe

impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

ORDER - 4

met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the

ORDER - 5

evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, ALJ Bauer found Coleman did not work at SGA levels after he applied for benefits March 28, 2011 (Tr. 14). At steps two and three, he found Coleman suffers from a learning disorder NOS, sarcoidosis and hypertension, impairments that are severe but do not meet or medically equal a listed impairment

(Tr. 14-15). He found Coleman can perform a range of light work (Tr. 16-17). At step four, relying on a vocational expert's testimony, the ALJ found Coleman is unable to perform any of his past relevant work (Tr. 19). At step five, the ALJ found there are other jobs Coleman can perform, such as garment bagger and labeler (Tr. 20). The ALJ concluded Coleman was not disabled from March 28, 2011 through date of the decision, January 4, 2013 (Tr. 21).

## ISSUES

Coleman alleges the ALJ failed to properly weigh the medical evidence and credibility. He alleges the ALJ should have found he meets Listing 12.05(C) based on his low IQ, the ALJ's step two finding and evidence that deficits in adaptive functioning shows or supports onset of the intellectual impairment before age 22. ECF No. 16 at 7-10. The Commissioner responds that the ALJ's findings are factually supported and free from harmful legal error. She asks the court to affirm. ECF No. 18 at 1-2.

After review the Court finds the ALJ erred at step three. The error is harmful. Coleman is presumptively disabled because his impairments meet a listed impairment. Accordingly, the case is reversed and remanded for an award of benefits.

ORDER - 7

## DISCUSSION

*A. Step Three*

Coleman alleges the ALJ should have found at step three that he meets Listing 12.05C. He alleges the ALJ should have credited two medical opinions, including a treating doctor's opinion that he would miss four or more days of work per month. And he challenges the credibility determination. ECF No. 16 at 7-10; 14-21. The Commissioner responds that Coleman fails to meet his burden at step three, the ALJ's reasons for failing to credit some of the opinions are specific, legitimate and supported by substantial evidence, and the credibility assessment is supported by clear and convincing reasons supported by the record. ECF No. 18 at 5-18. Alternatively, the Commissioner asks that if harmful error is found the case be remanded for further proceedings rather than an award of benefits. ECF No. 18 at 18.

The first issue is dispositive.

Listing 12.05(C) requires:

"12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. ...

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;"

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

The ALJ acknowledged Coleman has a valid full-scale IQ score of 68 (Tr. 14-16, referring to Ex. B8F at Tr. 598-601, July 7, 2010). This is within the parameters required by the Listing at 12.05(C), a score of 60 to 70.

The ALJ found the listing was not met because an examining psychologist "did not diagnose a learning disorder or any other mental health impairment" (Tr. 14). This was error in two respects. The "intellectual disability" impairment of 12.05 was formerly referred to as "mental retardation." The substance of the listing has not changed. *Kennedy v. Colvin*, 738 F.3d 1172 n 1 (9th Cir. 2013). A diagnosis of a learning disorder or mental retardation is not required. The structure of Listing 12.05 is different from the other mental disorder listings. 20 C.F.R. Pt. 404 Subpt. P, App 1, § 12.00A. Section 12.00A states that if an impairment satisfies the diagnostic description and any one of the four sets of criteria, the impairments

ORDER - 9

meet the Listing. No formal diagnosis is required. Defendant fails to address the ALJ's erroneous reasoning.

In addition, the ALJ found at step two that Coleman suffers from a learning disorder NOS and two severe physical impairments, sarcoidosis and hypertension.

The ALJ further erred when he found the evidence failed to show significant subaverage general intellectual functioning with deficits in adaptive functioning before the age of 22. The evidence shows Coleman needed extra help with school. Even with help it took seven years to complete high school. Coleman received SSI until he was incarcerated. Defendant mischaracterizes the record when she states that, aside from a lack of special education classes and graduating with a high school diploma, "there is no other evidence of Plaintiff's adaptive functioning during the developmental period." ECF No. 18 at 12.

The ALJ relies on Coleman's ability to commit crime and become incarcerated as evincing an ability to function despite intellectual limitations. The Court does not agree.

The ALJ found a learning disorder NOS, sarcoidosis and hypertension are severe impairments that caused "significant limitations in the claimant's ability to perform basic work activities" (Tr. 14, referring to Ex. B22F/10, B22F/18). This finding clearly meets the criteria of the listing requiring at least one other

"impairment imposing an additional and significant work-related limitation of function."

The evidence supports the ALJ's step two finding. Judy Richardson, M.D., treated Coleman for sarcoidosis and hypertension. *See* Tr. 797-99, 800-05, 811-31. She opined he would miss at least four days of work each month due to sarcoidosis and the attendant chest pain, cough and hypoxia (Tr. 772). Coleman takes prescribed daily prednisone and pain medication. Dr. Richardson opined he is capable of less than sedentary work and the prognosis is poor (Tr. 773, 878). State reviewing physician David Deutsch, M.D., reviewed Richardson's opinion and stated it was supported by the medical evidence (Tr. 882); *see also* Tr. 733, 746-47, 790, 837, 841, 852-53, 915-21, 944, 950, 1034-35, 1953 (some of the ER records and test results).

Substantial evidence also shows Coleman meets the requirement of deficits in adaptive functioning manifesting before age 22. He began receiving SSI at age nine due to learning impairments and was terminated when he was incarcerated in 2002. As noted it took seven years to graduate from high school even with help.

The ALJ acknowledges Coleman's valid IQ score of 68 meets another requirement of the listing.

The decision to remand for further administrative proceedings or to reverse and award benefits is within the Court's discretion. *Benecke v. Barnhart*, 379 F.3d

ORDER - 11

587, 595 (9th Cir. 2004). The record is fully developed. Based on the record and the ALJ's findings, it is clear Coleman meets Listing 12.05C. Further administrative proceedings would serve no useful purpose and remand for an award of benefits is appropriate.

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for summary judgment, **ECF No. 16**, is **granted** and the matter is remanded to the Commissioner for an immediate award of benefits.

2. Defendant's motion for summary judgment, **ECF No. 18**, is **denied.**

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff, and **CLOSE** the file.

DATED this 23rd day of December, 2014.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 12